### In re John Thomas SWAFFORD, Debtor.

#### Bankruptcy No. 184–01113.

United States Bankruptcy Court, M.D. Tennessee.

Sept. 7, 1984.

R. Jan Jennings, and Peter Flanagan, Nashville, Tenn., for Pension Fund.

Stuart D. Gibson, St. Paul, Minn., for U.S.A.

Henry E. Hildebrand, III, Nashville, Tenn., chapter 13 trustee.

#### AGREED ORDER

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter came before the court for a hearing on the motion of the Central States Southeast and Southwest Areas Pension Fund, hereinafter "the Pension Fund," for relief from this court's order entered on April 26, 1984, requiring the Pension Fund to pay the debtor's $100.00 per month benefit directly to the trustee in this Chapter 13 bankruptcy proceeding.

Pursuant to the statements of the parties at the hearing, including the United States of America as amicus curiae, and after their announcement that all parties had agreed to a settlement of this matter, the court ORDERS as follows:

1. The motion of the United States of America to appear and be heard amicus curiae is GRANTED.

2. The Pension Fund is a common law trust established pursuant to the Labor Management Relations Act, also known as the Taft-Hartley Act, Section 6(d), 29 U.S.C. § 186. The Pension Fund is also an employee pension benefit plan as defined under Section 3(2)(A) of the Employment Retirement Income Security Act of 1974, "ERISA," 29 U.S.C. § 1002(2)(A) and as such is subject to the terms of ERISA. The Pension Fund is also a trust which qualifies as a tax exempt trust under the Internal Revenue Code of 1954, 26 U.S.C. §§ 401(a)(13) and 501.

3. The debtor is the recipient of a total and permanent disability benefit of $100.00 per month from the Pension Fund and has been receiving this monthly benefit since 1970.

4. The parties have agreed that the debtor's right to a benefit from the Pension Fund is not part of the bankruptcy estate as described in 11 U.S.C. §§ 541(a) and 1306, because the Pension Fund is a spendthrift trust within the meaning of 11 U.S.C. § 541(c)(2) by virtue of Article VIII of the Pension Fund trust agreement and § 606 of the Pension Fund's plan document, both of which prohibit the assignment and alienation of benefits. In order to qualify as a tax exempt trust under the Internal Revenue Code of 1954, 26 U.S.C. §§ 401(a)(13) and 501, and the regulations thereunder, the Pension Fund's trust instrument and plan document must contain these anti-assignment and anti-alienation provisions. Such provisions are also required by ERISA Section 206(d), 29 U.S.C. § 1056(d)(1).

5. In order to preserve the Pension Fund's tax exempt status while simultaneously allowing for efficient and effective operation of the debtor's Chapter 13 plan, the trustees of the Pension Fund are hereby directed to send to the standing Chapter 13 trustee, for the duration of the debtor's plan, the debtor's monthly benefit checks, but in a form payable solely to the debtor.

6. For as long as it is the debtor's desire that these pension benefits be used to fund the Chapter 13 plan, the debtor is directed to execute a revokable power of attorney authorizing the standing Chapter 13 trustee to endorse the monthly pension

benefit checks from the Pension Fund. The power of attorney shall be revokable by the debtor at any time by mailing notice to the standing Chapter 13 trustee and the trustees of the Pension Fund, and will be effectively revoked upon receipt of notice by the Pension Fund. Upon revocation of such power of attorney, the debtor's Chapter 13 case shall be dismissed upon filing notice by the standing Chapter 13 trustee without further hearing by the court.

7. Based on this agreement among the parties, the court's previous order entered April 26, 1984, is VACATED.